**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LARRY A. FIELDS,<br><br>Plaintiff,<br><br>v.<br><br>COLGATE PALMOLIVE COMPANY,<br><br>Defendant, | Civil Action No.: 10-365 (PGS)<br><br>**OPINION** |

**SHERIDAN, U.S.D.J.**

This matter comes before the Court on two motions: (1) Defendant Colgate Palmolive Company's ("Defendant") motion to dismiss ("Defendant's Motion to Dismiss"); and (2) Plaintiff Larry A. Fields's ("Plaintiff") cross-motion for leave to file an amended complaint ("Plaintiff's Cross-Motion"). On January 20, 2010, Plaintiff filed a complaint against Defendant ("Plaintiff's Complaint") in which Plaintiff alleged that Defendant failed to hired Plaintiff on account of Plaintiff's race, color, and sex. In addition, Plaintiff alleged in Plaintiff's Complaint and Plaintiff's Charge of Discrimination ("Plaintiff's Charge")[1] that Defendant subjected Plaintiff to a hostile work

---

[1]

Plaintiff attached a copy of Plaintiff's Charge to Plaintiff's Complaint. "In considering a motion to dismiss for failure to state a claim . . ., a district court [may consider] . . . documents attached to the complaint as exhibits . . . ." *Montgomery v. Beneficial Consumer Disc. Co.*, 2005 WL 497776, at *3 (E.D. Pa. Mar. 2, 2005) (quoting *Kramer v. Time Warner Inc.*, 937 F.2d 767, 773 (2d

environment and wrongfully terminated Plaintiff's employment with Defendant. On June 15, 2010, Defendant filed Defendant's Motion to Dismiss. For the reasons set forth below, this Court grants Defendant's Motion to Dismiss and denies Plaintiff's Cross-Motion.

## I.   Statement of the Facts

Plaintiff is a 47 year-old African-American male. Defendant is a corporation with an office located in New Jersey. In October 2007, Adecco Employment Services, a temporary employment agency (the "Temporary Employment Agency"), placed Plaintiff in a temporary position with Defendant as a chemist. Plaintiff contends that Defendant "subjected [Plaintiff] to a hostile work environment" after Plaintiff began working at Defendant. On or about June 2008, Plaintiff applied for a permanent position as a chemist with Defendant. Plaintiff contends that Plaintiff was adequately trained for this permanent chemist position, and had already worked one year as a temporary employee in this chemist position.

In October 2008, Defendant rejected Plaintiff's application for the permanent chemist position. Plaintiff contends that Defendant gave the permanent chemist position to an outside applicant who, according to Plaintiff, was not trained for the permanent chemist position. Plaintiff asserts that Plaintiff was qualified for the permanent chemist position. Plaintiff states that Defendant did not hire Plaintiff for this position on account of Plaintiff's race, color, and sex.

On January 4, 2009, the Temporary Employment Agency notified Plaintiff that Defendant no longer required Plaintiff's temporary services. Plaintiff asserts that Defendant wrongfully terminated Plaintiff. Plaintiff believes that temporary employees continue to work at Defendant.

---

Cir.1991)). This Court will therefore consider Plaintiff's Charge in evaluating the instant motion.

**II.     Legal Discussion**

<u>Standard on a Motion to Dismiss</u>

When evaluating a motion to dismiss for failure to state a claim, the court is required to accept as true all allegations in the pleading and all reasonable inferences that can be drawn therefrom, and to view such allegations and inferences in the light most favorable to the non-moving party. *See, e.g.*, *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Oshiver v. Levin, Fishbein, Sedran & Berman,* 38 F.3d 1380, 1384 (3d Cir. 1994). A cause of action should be dismissed only if the alleged facts, taken as true, fail to state a claim. *See Iqbal*, 129 S. Ct. at 1950.

While a court will accept well-pled allegations as true for the purposes of the motion to dismiss for failure to state a claim, a court will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *See Iqbal*, 129 S. Ct. at 1949; *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir.1997). On the contrary, "[t]he pleader is required to 'set forth sufficient information to outline the elements of [its] claim or to permit inferences to be drawn that these elements exist'." *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (citation omitted).

<u>Plaintiff's Claim for Failure to Hire Is Dismissed Because Plaintiff's Claim Is Barred by the Statute of Limitations.</u>

Because Plaintiff alleges a federal employment discrimination claim, Plaintiff needed to file Plaintiff's Charge with the Equal Employment Opportunity Commission (the "EEOC") within 300 days of the alleged unlawful employment action. *See* 42 U.S.C. § 2000e-(5)(e)(1). As a result of this strict statutory requirement, Plaintiff was required to file Plaintiff's Charge within 300 days of

the date on which Defendant allegedly wrongfully failed to hire Plaintiff. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113-14 (2002).

It appears that more than 300 days expired between the date on which Defendant failed to hire Plaintiff and the date on which Plaintiff filed Plaintiff's Charge. Plaintiff specifically alleges in Plaintiff's Complaint that the "discriminatory acts occurred" on June 1, 2008. Furthermore, an examination of Plaintiff's Charge establishes that Plaintiff waited until September 11, 2009 to file Plaintiff's Charge. Using these dates as guideposts, basic arithmetic reveals that Plaintiff was 167 days "late" in filing Plaintiff's Charge.

Even if this Court were to accept an alternative date as the date on which Defendant allegedly unlawfully failed to hire Plaintiff, Plaintiff's claim would still be considered fatally tardy. Plaintiff's Charge provides that Plaintiff was notified that he was not selected for the permanent chemist position in "October 2008." As a result, as Defendant points out in Defendant's Motion to Dismiss papers, Plaintiff could presumably assert that the allegedly unlawful failure to hire did not occur until some date in October of 2008. Even if Plaintiff raised this contention, however, Plaintiff's Charge would still be untimely. As Defendant notes, even if on October 31, 2008, Defendant notified Plaintiff that Defendant had not hired Plaintiff, Plaintiff would have been required to file Plaintiff's Charge on or before August 27, 2009. As mentioned above, Plaintiff did not file Plaintiff's Charge until September 11, 2009. As a result, even if this Court were to accept this later October 31, 2008 date as the date on which the alleged unlawful employment action occurred, Plaintiff's Charge would still be belated.

Plaintiff attempts to circumvent the untimely nature of Plaintiff's Charge by contending that Defendant's wrongful refusal to hire did not occur on *either* June 1, 2008 or on some date in October

4

of 2008. Specifically, Plaintiff contends that Plaintiff did not actually believe that Defendant's refusal to hire Plaintiff was racially motivated until Plaintiff was notified on January 4, 2009 that Defendant no longer required Plaintiff's temporary employment services. Setting forth January 4, 2009 as the date on which the discriminatory act occurred, Plaintiff now contends that Plaintiff filed Plaintiff's Charge in an "absolutely timely" fashion. If this Court were to accept Plaintiff's proposed line of reasoning, Plaintiff would be correct: less than 300 days expired between the date on which Plaintiff *now contends* that Defendant wrongfully failed to hire Plaintiff (January 4, 2009) and the date on which Plaintiff filed Plaintiff's Charge (September 11, 2009).

This Court refuses to adopt Plaintiff's line of reasoning. Plaintiff's assertion that Plaintiff did not come to realize until January 4, 2009 that Defendant had discriminated against Plaintiff lacks factual support and appears wholly self-serving. Plaintiff explains why he believes the date on which Plaintiff was notified that he did not receive the permanent chemist position is *not* the proper date for purposes of evaluating the issue before the Court: "Although the application for a permanent position was denied on October 28, 2008 (without explanation) I nevertheless was led to believe that the application for [a] permanent position as a chemist would be favorably reconsidered in the near future."[2] Plaintiff's statement, however, *is not supported by any evidence* that Defendant ever indicated to Plaintiff that Defendant would reconsider Plaintiff's application. Plaintiff concedes that Plaintiff's belief that Defendant would reconsider Plaintiff's application stemmed *exclusively* from the fact that Defendant never specified that Plaintiff had performance problems in his part-time

---

[2] In opposition to Defendant's Motion to Dismiss, Plaintiff also states that when Plaintiff received notification in October of 2008 that Plaintiff would not be hired for the permanent chemist position, Plaintiff "had not yet realized that the rejection . . . was based upon [Defendant's] racial animus."

chemist position: "These hopes and beliefs that the job application would be favorably reconsidered was because there was no indication in the denial of my first application that I was not qualified nor had I failed to perform satisfactorily (in the position of chemist) from the date I was hired in October 2007 to the date of denial of my application on October 28, 2008."

In addition, this Court is puzzled as to how Plaintiff can argue that January 4, 2009 was the date on which Plaintiff came to believe that racial discrimination motivated Defendant's failure to hire Plaintiff. Plaintiff's Charge and the certification of Plaintiff, Larry A. Fields ("Plaintiff's Certification") all contain *Plaintiff's own allegations* that Defendant subjected Plaintiff to a discriminatory workplace *well before* January of 2009. For example, Plaintiff's Charge provides that "[Plaintiff] was subjected to a hostile work environment" after commencing temporary work with Defendant. Moreover, Plaintiff's Certification is riddled with allegations of a racially insensitive atmosphere in existence prior to January of 2009. For example, Plaintiff alleges that a supervisor and several employees of Defendant subjected Plaintiff to discriminatory animus immediately after Plaintiff submitted Plaintiff's application materials for the permanent chemist position *in June of 2008*.[3] Furthermore, Plaintiff concedes that the "humiliation . . . beg[an] in earnest . . . after [Plaintiff] submitted [Plaintiff's] application for a permanent position as a chemist [in June of 2008] . . . ."[4]

---

[3] Plaintiff stated that Plaintiff's supervisor and several of Defendant's employees "proceeded to make derogatory, demeaning statements, racial slurs, racial 'innuendo,' which was intentional, intended to demean, humiliate and embarrass [Plaintiff], intended to have [Plaintiff] feel uncomfortable and to otherwise discourage [Plaintiff's] efforts towards a future with [Defendant] and certainly resulting in discriminatory animus . . . ."

[4] It is worth noting that Plaintiff's proposed amended complaint and jury demand ("Plaintiff's

These assertions by Plaintiff signify that Defendant exposed Plaintiff to the allegedly discriminatory atmosphere prior to January 4, 2009. As a result, this Court is not convinced by Plaintiff's self-serving assertion that the alleged unlawful employment action at issue occurred on January 4, 2010. On the contrary, this Court holds that the allegedly unlawful employment action in this case - Defendant's refusal to hire Plaintiff - occurred either on June 1, 2008 or on a date in October of 2008[5].

Because casting either of the above dates as the date on which Defendant refused to hire Plaintiff renders Plaintiff's Charge fatally tardy, Plaintiff's claim for wrongful refusal to hire is dismissed.

### Plaintiff's Claims for Hostile Work Environment and Wrongful Termination Are Barred Because Plaintiff Never Was an Employee of Defendant.

A plaintiff may sue a defendant for federal employment discrimination under Title VII of the 1964 Civil Rights Act ("Title VII") only where the plaintiff is an employee of the defendant. *See Alexander v. Rush N. Shore Med. Ctr.,* 101 F.3d 487, 492 (7th Cir. 1996) (holding that "a plaintiff must prove the existence of an employment relationship in order to maintain a Title VII action . . . . ") (internal quotations and citations omitted). As a result, an independent contractor does not constitute an employee under Title VII. *See Shah v. Bank of America,* 346 Fed. Appx. 831, 833 (3d

---

Proposed Amended Complaint") reinforces that Plaintiff was aware of Defendant's allegedly discriminatory practices well before January 4, 2009. Specifically, Plaintiff explicitly concedes that Defendant was subject to a discriminatory workplace "*[p]rior to* January 4, 2009." (emphasis added). In addition, Plaintiff contends that "[b]eginning shortly after Plaintiff submitted [Plaintiff's] application for permanent employment *in June 2008* . . . [Plaintiff] . . . was the victim of racial slurs, racially charged speech, innuendo, harassment and discrimination." (emphasis added).

[5] It is worth noting that Plaintiff states in Plaintiff's Certification that Plaintiff's application for the permanent chemist position was denied on *October 28, 2008.*

Cir. 2009) (citations omitted).

In this case, the Temporary Employment Agency assigned Plaintiff to work with Defendant on a temporary basis. The Third Circuit has previously ruled that when the Temporary Employment Agency[6] assigns an individual to work for an employer, that individual does not become an employee of the employer. *Shah*, 346 Fed. Appx. at 834. In *Shah*, the Temporary Employment Agency found the plaintiff a temporary work assignment with a bank. *Id.* at 832. Ruling that the plaintiff was not, in fact, an employee of the bank, the court focused on the distinction between the plaintiff's relationship with the Temporary Employment Agency and the plaintiff's relationship with the bank: "The record demonstrates that [the plaintiff] worked for [the bank] for fewer than four hours; that [the plaintiff] continue[d] to receive work assignments through [the Temporary Employment Agency]; that it [was] [the Temporary Employment Agency] that assign[ed] [the plaintiff's] rate of pay; [and] that [the bank] contacted [the Temporary Employment Agency] before terminating [the plaintiff's] employment . . . ." *Id.* at 834.

In the matter at hand, Plaintiff's relationship with the Temporary Employment Agency - and Plaintiff's lack of a formal relationship with Defendant - signifies that Plaintiff was not an employee of Defendant. Plaintiff's Charge indicates that it was the Temporary Employment Agency - and not Defendant - that governed all aspects of Plaintiff's employment: "In October 2007, *I was placed by Adecco* ["the Temporary Employment Agency"] to work with [Defendant]." (emphasis added). Similarly, Plaintiff notes that Plaintiff "*was notified by Adecco* that [Defendant] no longer required

---

[6] It is worth stressing that Adecco Employment Services - the temporary employment agency at issue in *Shah* - is the same temporary employment agency that arranged for Plaintiff to work with Defendant on a temporary basis in this case.

[Plaintiff's] services." (emphasis added).

Plaintiff never worked as an employee of Defendant. As a result, Plaintiff's claims for hostile work environment and wrongful termination are dismissed.

### III. Because Plaintiff Cannot Cure the Fatal Defects in Plaintiff's Complaint with the Filing of Plaintiff's Proposed Amended Complaint, Plaintiff's Cross-Motion Is Denied.

A court may refuse to grant a motion to amend a complaint where the proposed amendment would be futile. *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (citation omitted); *Lorensz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993) (citation omitted). An amended complaint would be futile where the amended complaint would fail to state a claim upon which relief could be granted. *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) (citation omitted). A plaintiff cannot set forth assertions in an amended complaint that contradict statements made in the plaintiff's original complaint. *See Burger v. Kuimelis*, 325 F. Supp.2d 1026, 1031 (N.D. Cal. 2004) (acknowledging a circuit court's decision to uphold "the dismissal of an amended pleading that so contradicted the original pleading [that] it was a transparent attempt to conform the facts to the requirements of the cause of action") (internal quotations and citation omitted).

Plaintiff's attempts to amend Plaintiff's Complaint would be futile. Plaintiff cannot contradict the admissions Plaintiff made regarding the date on which Plaintiff's refusal to hire claim accrued - either June 1, 2008 or, at the absolute latest, on some date in October of 2008. Moreover, as referenced above, Plaintiff's Proposed Amended Complaint highlights the fact that Plaintiff acknowledged Defendant's allegedly discriminatory practices well before January 4, 2009. Specifically, Plaintiff concedes that Plaintiff was subject to a discriminatory workplace "*[p]rior to January 4, 2009 . . . .*" (emphasis added). In addition, Plaintiff contends that "[b]eginning shortly

9

after Plaintiff submitted [Plaintiff's] application for permanent employment *in June 2008* . . . [Plaintiff] . . . was the victim of racial slurs, racially charged speech, innuendo, harassment and discrimination." (emphasis added).

Moreover, with respect to Plaintiff's proposed claims of hostile work environment and wrongful termination, Defendant accurately states that "Plaintiff cannot plead around the admissions [Plaintiff] made in [Plaintiff's Charge] concerning [Plaintiff's] real employer and the nature of [Plaintiff's] relationship with [Defendant]." Because Plaintiff's prior admissions signify that an employment relationship never existed between Plaintiff and Defendant, Plaintiff's proposed claims for hostile work environment and wrongful termination are fatally flawed.

In short, Plaintiff cannot construct any viable claim against Defendant. As a result, Plaintiff's Cross-Motion is denied.

### IV.     Conclusion

In light of the foregoing, Defendant's Motion to Dismiss is granted. In addition, for the reasons set forth above, Plaintiff's Cross-Motion is denied.

*s/Peter G. Sheridan*
PETER G. SHERIDAN, U.S.D.J.

December 15, 2010